868 F.2d 458
 276 U.S.App.D.C. 129
 Unpublished Disposition
NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
Tobias E. SEAMAN, Petitioner,
v.
FEDERAL MARITIME COMMISSION and United States of America,
Respondents.
Matson Navigation Co., Inc., Intervenor.
 No. 87-1222.
 United States Court of Appeals, District of Columbia Circuit.
 Feb. 22, 1989.
 
 Before RUTH B. GINSBURG, SILBERMAN and D.H. GINSBURG, Circuit Judges.
 JUDGMENT
 Per Curiam.
 
 
 1
 This cause came to be heard on the petition for review of orders of the Federal Maritime Commission and was briefed and argued orally by petitioner, acting pro se, and counsel for the other parties. The issues have been accorded full consideration by the court and occasion no need for a published opinion. See D.C.Cir.Rule 14(c). For the reasons stated in the accompanying memorandum it is
 
 
 2
 ORDERED and ADJUDGED, by the Court, that the petition for review is hereby granted, and the cause is remanded to the Commission for further consideration.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.cir.Rule 15(b)(2).
 
 MEMORANDUM
 
 4
 This is a petition for review of two orders of the Federal Maritime Commission. The first, issued June 26, 1986, ordered a 1.5% overall reduction in the general rates of Matson Navigation Company, and the second, issued November 18, 1986, denied petitioner Tobias E. Seaman's petition for reconsideration of the June 26 order. Seaman, who is proceeding pro se, claims that the Commission erred in failing to apply a downward adjustment to the benchmark rate of return used to calculate Matson's rate in order to take into account "current trends in rates of return, the cost of money and relative risk," 46 C.F.R. Sec. 552.6(d), and in declining to remand the matter to the Administrative Law Judge for further evidence on those issues. We grant Seaman's petition for review, to the extent indicated below, and remand the action to the Commission for further consideration.
 
 
 5
 In his initial decision, the ALJ held that no upward adjustment in Matson's rate was warranted, and that although a downward adjustment appeared to be in order, the record did not contain evidence with which to quantify such an adjustment. The ALJ therefore held that Matson's existing rate was just and reasonable and that no downward adjustment would be taken.
 
 
 6
 On appeal, the Commission determined that the ALJ had committed an error in calculating the benchmark rate of return, and that a slight downward adjustment was therefore required. The Commission affirmed the ALJ's determination as adjusted.
 
 
 7
 In its opinion, the FMC left standing the ALJ's factual findings (1) that "[b]oth prevailing rates of return and interest rates have shown a downward current trend ... [the latter to] their lowest level in eight years"; and that (2) "Matson is less, and not more, risky than the average U.S. corporation." The FMC rejected, however, the ALJ's conclusion that the record was inadequate to quantify an appropriate downward adjustment, stating that "the Commission finds the present state of the record adequate to make a final decision." In so doing, it negated the only reason put forward by the ALJ for his determination not to discount the rate--i.e., want of evidence in the record. The FMC nonetheless affirmed the ALJ's ultimate decision not to apply a discount, but offered no reason of its own in support of that result. The effect of the Commission's opinion is to leave without an articulated basis its decision not to discount Matson's rate for relative risk and for current trends in interest rates and rates of return.
 
 
 8
 The FMC's decision declining to reopen the record on the discount issue similarly lacks a reasoned explanation. The opinion states only that (1) further proceedings would delay the incremental adjustment to the rates that the FMC had already found warranted; and (2) any such delay would be inconsistent with "the Congressional intent underlying the 1978 amendments" imposing a 180-day timeline for proceedings relating to rate increases. In its order denying reconsideration, the Commission offered a possible additional reason for its decision, stating that "the general public benefit in promptly disposing of this rate case outweighs the apparently marginal benefit to the record a remand would produce."
 
 
 9
 First, as to the FMC's concern that further delays would deprive shippers of the benefit of the incremental rollback, nothing prevented it from ordering that rollback, effective immediately, and remanding the case on the issue of whether a further reduction was necessary. Second, as the ALJ made clear, the time limitations applicable for proceedings on rate increases do not apply in proceedings relating to existing rates. Since Matson did not challenge the ALJ's ruling to deny its proposed rate increase, the only issue before the FMC was the question of lowering Matson's existing rates, as to which the FMC's concern for the deadlines was irrelevant. Finally, although the Commission's conclusion that the benefit to be derived from further proceedings was "apparently marginal" might provide a reasonable ground for its determination not to reopen the matter, the Commission did not provide any adequate explanation or factual predicate for that conclusion.
 
 
 10
 We find that the FMC has failed to provide a reasoned explanation for its decisions (1) not to apply a discount due to "current trends" in interest rates and rates of return and to Matson's relative risk; and (2) not to reopen the matter for supplementation of the record on those issues. See City of Vernon v. F.E.R.C., 845 F.2d 1042, 1048 (D.C.Cir.1988) (agency must articulate rationale for its decision). We therefore grant the petition for review, and remand to the Commission for a more adequate statement of its reasoning.